UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

KRISTIN M. MacDONALD,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

17-CV-921
DECISION AND ORDER

On September 15, 2017, the plaintiff, Kristin M. MacDonald, brought this action under the Social Security Act ("the Act"). She seeks review of the determination by the Commissioner of Social Security ("Commissioner") that she was not disabled. Docket Item 1. On March 5, 2018, MacDonald moved for judgment on the pleadings, Docket Item 6, and on April 30, 2018, the Commissioner responded and cross-moved for judgment on the pleadings, Docket Item 8. On May 21, 2018, MacDonald replied. Docket Item 9.

For the reasons stated below, this Court grants MacDonald's motion in part and denies the Commissioner's cross-motion.

## **BACKGROUND**

### I. PROCEDURAL HISTORY

On January 10, 2014, MacDonald applied for disability insurance benefits. Docket Item 4 at 278. She claimed that she had been disabled since November 21,

2013, due to constant pain in her lower back, an inability to sit for more than twenty minutes at a time, numbness and tingling in her right leg, and neck discomfort.  *Id.*

On April 2, 2014, MacDonald received notice that her application was denied because she was not disabled under the Act.  *Id.* at 291-98.  She requested a hearing before an administrative law judge ("ALJ"), *id.* at 299-305, which was held on March 29, 2016, *id.* at 241.  The ALJ then issued a decision on May 23, 2016, confirming the finding that MacDonald was not disabled.  *Id.* at 207.  MacDonald appealed the ALJ's decision, but her appeal was denied, and the decision then became final.  *Id.* at 6-12.

## II.     THE ALJ'S DECISION

In denying MacDonald's application, the ALJ evaluated MacDonald's claim under the Social Security Administration's five-step evaluation process for disability determinations.  *See* 20 C.F.R. § 404.1520.  At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful employment. § 404.1520(a)(4)(i).  If so, the claimant is not disabled.  *Id.*  If not, the ALJ proceeds to step two.  § 404.1520(a)(4).

At step two, the ALJ decides whether the claimant is suffering from any severe impairments.  § 404.1520(a)(4)(ii).  If there are no severe impairments, the claimant is not disabled.  *Id.*  If there are any severe impairments, the ALJ proceeds to step three. § 404.1520(a)(4).

At step three, the ALJ determines whether any severe impairment or impairments meet or equal an impairment listed in the regulations.  § 404.1520(a)(4)(iii). If the claimant's severe impairment or impairments meet or equal one listed in the regulations,

2

the claimant is disabled. *Id.* But if the ALJ finds that none of the severe impairments meet any in the regulations, the ALJ proceeds to step four. § 404.1520(a)(4).

As part of step four, the ALJ first determines the claimant's residual functional capacity ("RFC"). *See* §§ 404.1520(a)(4)(iv); 404.1520(d)-(e). The RFC is a holistic assessment of the claimant—addressing both severe and nonsevere medical impairments—that evaluates whether the claimant can perform past relevant work or other work in the national economy. *See* 20 C.F.R. § 404.1545.

After determining the claimant's RFC, the ALJ completes step four. 20 C.F.R. § 404.1520(e). If the claimant can perform past relevant work, he or she is not disabled and the analysis ends. § 404.1520(f). But if the claimant cannot, the ALJ proceeds to step five. 20 C.F.R. §§ 404.1520(a)(4)(iv); 404.1520(f).

In the fifth and final step, the Commissioner must present evidence showing that the claimant is not disabled because the claimant is physically and mentally capable of adjusting to an alternative job. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); 20 C.F.R. § 404.1520(a)(v), (g). More specifically, the Commissioner bears the burden of proving that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy." *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999).

In this case, the ALJ determined at step one that MacDonald had not engaged in "substantial gainful activity" since November 21, 2013, the alleged onset date. Docket Item 4 at 201. At step two, the ALJ found that MacDonald had severe impairments: "osteoarthritis in both knees, status post anterior lumbar interbody fusion at L4-5 and status post cervical fusion." *Id.* The ALJ also considered whether MacDonald's

3

"medically determinable mental impairment of major depressive disorder considered singly and in combination" was a severe impairment but found that it "does not cause more than a minimal limitation in [her] ability to perform basic mental work activities and [is] therefore nonsevere." *Id.* at 201. In reaching this conclusion, the ALJ found that MacDonald's major depressive disorder caused her only "mild limitations" in activities of daily living; social functioning; and concentration, persistence, or pace. *Id.* at 202. The ALJ also observed that she had no "episodes of decompensation which have been of extended duration." *Id.* The ALJ noted at step two that

> [t]he limitations identified [regarding MacDonald's mental impairment] are not a residual functional capacity assessment but are used to rate the severity of mental impairments at steps 2 and 3 of the sequential evaluation process. The mental residual functional capacity assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment by itemizing various functions contained in the broad categories found in paragraph B of the adult mental disorders listing in 12.00 of the Listing of Impairments (SSR 96-8p). Therefore, the following residual function capacity assessment reflects the degree of limitation I have found in the "paragraph B" mental function analysis.

*Id* at 203.

At step three, the ALJ determined that MacDonald did "not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." *Id.* at 203. In assessing MacDonald's RFC, the ALJ determined that MacDonald could perform light work as defined in 20 C.F.R. § 404.1567(b),[1] except that she can bend, stoop, crouch

---

[1] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, [a

4

and turn her head only occasionally. *Id.* At step four, the ALJ determined that MacDonald "is capable of performing past relevant work as a bank teller, billing clerk, cashier and bartender." *Id.* at 207. For that reason, the ALJ concluded that she was not disabled. *Id.*

## STANDARD OF REVIEW

"The scope of review of a disability determination . . . involves two levels of inquiry." *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987). The court "must first decide whether [the Commissioner] applied the correct legal principles in making the determination." *Id.* This includes ensuring "that the claimant has had a full hearing under the . . . regulations and in accordance with the beneficent purposes of the Social Security Act." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quoting *Cruz v. Sullivan*, 912 F.2d 8, 11 (2d Cir. 1990)). Then, the court "decide[s] whether the determination is supported by 'substantial evidence.'" *Johnson*, 817 F.2d at 985 (quoting 42 U.S.C. § 405(g)). "Substantial evidence" means "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an

---

claimant] must have the ability to do substantially all of these activities." 20 C.F.R. § 404.1567(b).

5

unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to correct legal principles." *Johnson*, 817 F.2d at 986.

## DISCUSSION

MacDonald argues that this case must be remanded for further administrative proceedings because the ALJ's formulated her "RFC without any mental limitations, despite the decision's own finding that [her] major depressive disorder was a nonsevere impairment." Docket Item 6-1 at 24.

"[S]tep two of the Commissioner's five-step analysis . . . requires the ALJ to determine whether [a] mental impairment is 'severe' or 'not severe.'" *Wells v. Colvin*, 727 F.3d 1061, 1064 (10th Cir. 2013) (quoting 20 C.F.R. §§ 404.1520a(b)-(d), 416.920a(b)-(d)). "But the regulations also instruct that even if the ALJ determines that a claimant's medically determinable mental impairments are 'not severe,' he must further consider and discuss them as part of his [RFC] analysis at step four." *Id.* Specifically, the ALJ "must consider the combined effect of all the claimant's medically determinable impairments, *whether severe or not severe.*" *Id.* at 1065 (emphasis in original).

"[T]he Commissioner's procedures do not permit the ALJ to simply rely on his finding of non-severity as a substitute for a proper RFC analysis." *Id.* (citing Social Security Ruling 96-9p, 1996 WL 374184, at *4 (July 2, 1996)). Moreover, "the ALJ's 'RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts and nonmedical evidence.'" *Id.* (quoting SSR 96-8p, 1996 WL 374184, at *7). Even when an ALJ uses "language suggesting he had excluded [mental impairments] from consideration as part of his RFC

assessment[] based on his determination of non-severity" at step two, he must explicitly analyze the nonsevere impairments as part of his RFC analysis, *see id.*, unless he finds "at step two that a medically determinable impairment posed *no* restriction on the claimant's work activities," *id.* at 1065 n.3. So if the ALJ "find[s] 'mild' restrictions" resulting from a nonsevere impairment, the ALJ must address those restrictions as part of his RFC analysis. *Id.* And when the ALJ fails to address nonsevere mental impairments in formulating a claimant's RFC, it is "necessary to remand [the] case for further consideration." *Parker-Grose v. Astrue*, 462 F. App'x 16, 18 (2d Cir. 2012).

In this case, the ALJ found at step two that MacDonald's major depressive disorder caused "mild limitations" in three functional areas: (1) activities of daily living; (2) social functioning; and (3) concentration, persistence, or pace. Docket Item 4 at 202. But the ALJ did not address those mild limitations when formulating MacDonald's RFC. *See id.* at 203-07. During his step two analysis, the ALJ referred to the RFC analysis when he said, "the following [RFC] assessment reflects the degree of limitation I have found in the 'paragraph B' mental function analysis." *Id.* at 203. But such lip service is insufficient to satisfy the legal requirement that the "RFC assessment . . . include a narrative discussion describing how the evidence *supports each conclusion*, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." *Wells*, 727 F.3d at 1069 (emphasis in original) (quoting SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996)).

In fact, the Tenth Circuit has found a statement substantively identical to the ALJ's here to be "inadequate under the regulations and the Commissioner's procedures." *Id.* at 1069. In *Wells*, "after stating his conclusion that [a claimant's]

7

mental impairments were non-severe, the ALJ stated that 'these findings do not result in further limitations in work-related functions in the RFC assessment below.'" *Id.* (quoting the record). The ALJ's conclusory reference to the RFC assessment rejected by the court in *Wells* is virtually the same as the conclusory reference to the RFC assessment that the ALJ made at step two in this case.

What is more, while the ALJ said that he considered the "mild limitations" caused by MacDonald's major depressive disorder in determining her RFC, the RFC did not even mention any such limitations. If MacDonald's RFC had included some limitations reflecting the mild mental impairments that the RFC found at step two, this Court might conclude that any error was harmless. But because her RFC includes no mental restrictions or limitations whatsoever, *see* Docket item 4 at 203,[2] this Court cannot be certain that the ALJ actually considered her mental issues when addressing her RFC. Therefore, even if substantial evidence supports the ALJ's determination that MacDonald's mental impairment was not severe at step two, remand is still necessary "for further consideration because the ALJ failed to account [for MacDonald's] mental limitations when determining her RFC." *Parker-Grose*, 462 F. App'x at 18.[3]

---

[2] In assessing MacDonald's RFC, the ALJ determined that MacDonald could perform light work as defined in 20 C.F.R. § 404.1567(b), except that she can bend, stoop, crouch and turn her head only occasionally. Docket Item 4 at 203.

[3] Although MacDonald did not raise this issue, the ALJ's explanations for the weight giving to the opinions of her treating sources are largely conclusory. *See* Docket Item 4 at 206. On remand, the ALJ must "'explicitly' apply the *Burgess* factors when assigning weight" to MacDonald's treating source opinions. *See Estrella v. Berryhill*, 925 F.3d 90, 95 (2d Cir. 2019). This Court "will not reach the remaining issues raised by [MacDonald] because they may be affected by the ALJ's treatment of this case on remand." *Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003).

## **CONCLUSION**

For the reasons stated above, the Commissioner's motion for judgment on the pleadings, Docket Item 8, is DENIED, and MacDonald's motion for judgment on the pleadings, Docket Item 6, is GRANTED in part and DENIED in part. The decision of the Commissioner is VACATED, and the matter is REMANDED for further administrative proceedings consistent with this decision.

SO ORDERED.

Dated: July 11, 2019
        Buffalo, New York

*s/ Lawrence J. Vilardo*
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE